Curtis, J.
(dissenting).—The defendants sold tickets through the' agency of the Grand Trunk Railway at Montreal, which would carry passengers and their baggage over defendants’ road. These tickets were good for thirty days, from Montreal to New York, with privilege to stop over at various places on the route. They issued checks for baggage at Montreal marked, “H. R. & R. R.” in connection with the passenger-tickets by which baggage might come by the Hudson river or by the railroad. The baggage was thus checked through from Montreal to New York, under some-arrangement with the connecting lines. The evidence is, that under this arrangement, a passenger might come down in the steamer, and his baggage might come down on the Hudson River Railroad. This arrangement existed apparently for the convenience or advantage of the defendants and other parties interested, in the transportation of through passengers, over the two routes, and it did not appear to have depended on the volition of the passenger, over which of the two- *535 routes Ms baggage was carried. The plaintiff arrived in Yew York in the evening, and sent to the defendants’ station between seven and eight o'clock the next morning for the portmanteau in question, presenting his check. It was not delivered to him, and could not be found. It had arrived the afternoon of the day preceding plaintiff’s arrival, and was in defendants’ , •custody at six o’clock the morning he called.
The defendants claim that they did not receive the . portmanteau in the capacity of a common carrier, and also, that the plaintiff did not call for it in a reasonable time.
It was left-for the jury to find if there existed the state of facts claimed to exist by the plaintiff, making the defendants’ relation to the transportation of the plaintiff’s baggage that of a common carrier. It was also left to the jury to determine if, in case the defendants’ relation was that of a common carrier, whether the plaintiff applied for his baggage in a reasonable time.
The jury rendered a verdict for the plaintiff, and it must be assumed that they found for the plaintiff on the two questions submitted. The evidence justifies the verdict.
If the defendants entered into an arrangement with other parties for their own advantage, by which a passenger is transported over a part of his journey separated from his baggage, it should not operate to discharge the defendants from their ordinary liability to a passenger who has paid Ms fare for the transpor- . tation of himself and his baggage, because the defendants have arranged, as their part, to transport only the passenger’s baggage. They had their consideration out of plaintiff’s fare, paid at Montreal, for their share of the transportation, in the general settlements made by the parties engaged in it. The defendants were notified by the check, and if they wished to have avoided the *536 usual liability to a passenger, they should have declined taking the portmanteau, and refrained from selling through tickets, and holding themselves out to the public as responsible.
The jury found properly that the plaintiff called for his baggage in a reasonable time. The ticket provides for delay, which he did not avail himself of. It is. not ' desirable to encourage any theory that parties entrusted with the transportation of baggage may, after what they consider a reasonable time, neglect or lose it.
Some question is raised as to the damages. The jury appear not to have been governed much by the statement of value made by the dealer in second-hand garments called by the defendants, but there is ne reason to suppose that it was because they thought his business was the purchasing of this class of missing' and lost or uncalled-for effects. On the contrary, there was evidence of value justifying the finding of the jury in that respect.
My impression of the case is, that the judgment appealed from should be affirmed.